IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | CIV-12-927-D |
| v. ) | |
| ) | |
| TIM WILKERSON, Warden, ) | |
| ) | |
| Respondent. ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner[1] appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he is challenging his conviction for Trafficking in Controlled Dangerous Substance after former conviction of a felony entered in the District Court of Garfield County, Case No. CF-2004-280. Respondent has moved to dismiss the action on the basis that it is time-barred. Although advised of his opportunity to respond to the Motion to Dismiss, Petitioner has not filed a response, and the time for doing so has expired. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Respondent's Motion to Dismiss be granted and the action be dismissed as it is untimely.

---

[1] Petitioner is currently confined at Davis Correctional Facility located in Holdenville, Oklahoma.

I. Background

Petitioner was taken into custody on May 18, 2004, by Garfield County officials and charged with the offense of Trafficking Controlled Dangerous Substance. On April 3, 2006, Petitioner entered a guilty plea to the offense of Trafficking Controlled Dangerous Substance after former conviction of one felony. He was sentenced to a 25-year term of imprisonment to be served concurrently with sentences entered against him for convictions in Case Nos. CF-99-240 and CF-99-242. Petition (Doc. # 1), Ex. 4 (partial copy of judgment and sentence, State of Oklahoma v. Mark Anthony Brown, Case No. CF-2004-280, District Court of Garfield County, Oklahoma). The judgment and sentence entered in Case No. CF-2004-280 provided that Petitioner was to be given "credit for time served from 5/18/04." Id.

Petitioner did not appeal the conviction and sentence. On February 27, 2009, Petitioner filed a "Motion for Order Nunc Pro Tunc" in the district court in which Petitioner requested that the judgment and sentence be amended to clarify the terms of his sentence. Brief in Support of Motion to Dismiss (Doc. # 16), Ex. 2. Petitioner asserted that his plea agreement contained an understanding that he would receive credit toward his sentence in Case No. CF-2004-280 "with the same number of days in this case as he was [given] in the other two previous cases on a concurrent basis." Id. Petitioner requested that an amended judgment and sentence be entered because the Oklahoma Department of Corrections ("ODOC") was refusing to credit his sentence in Case No. CF-2004-280 with the time he had served in detention from May 18, 2004, until April 3, 2006, despite the wording of the judgment and sentence that he was to be given credit toward his sentence for "time served

from 5/18/04." Id. He requested that the amended judgment and sentence state that he should be awarded "the same number of days for all three cases from May 18, 2004 until 2006." Id. Although neither party provides documentary evidence of the disposition of this motion, Petitioner asserts, and the district court stated in a subsequent order, that the motion was denied on June 10, 2009. Petition, at 2; Brief in Support of Motion to Dismiss (Doc. # 16), Ex. 5.  Petitioner admits that he did not appeal this decision. Petition, at 7.

In a letter addressed to the Court Clerk of the District Court of Garfield County and bearing a file-stamped date of March 15, 2012, Petitioner again requested "clarification of [the] record" in Case No. CF-2004-280. Brief in Support of Motion to Dismiss (Doc. # 16), Ex. 4. Petitioner re- asserted in this letter his previous claim that ODOC was depriving him of credits toward his sentence in Case No. CF-2004-280 and had advised him that the judgment and sentence in the case "must state that the credit for timed [sic] served is to apply to all sentences [including] CF-99-240 and CF-99-242, [and ] that the terms simply running concurrently does not authorized [sic] the award of those credits." Id.

Petitioner requested that the Court Clerk assist him by advising  ODOC that the terms of his plea agreement included the agreement that he was "entitled to the credits to be applied to all term[s], as they are a concurrently active, term of confinement." Id.  The district court entered an order on March 21, 2012, denying Petitioner's request and finding that the request was "a restatement of a Motion for Order Nunc Pro Tunc filed February 27, 2009 and denied June 10, 2009." Id., Ex. 5 ("Order Denying Request to Clarify Record").

Petitioner appealed the district court's order.  In a two-page "Petition in Error" filed

in the OCCA on April 10, 2012, Petitioner stated that the ODOC had refused to reduce the term of his sentence in Case No. CF-2004-280 with credit for time served in detention prior to his conviction because the credits had already been applied to sentences he served in Case Nos. CF-99-240 and CF-99-242 and he had discharged those sentences. Id., Ex. 3 ("Petition in Error").  Petitioner insisted that his plea agreement provided that he should receive credit for his detention prior to his conviction in Case No. CF-2004-280. Id.

On June 26, 2012, the Oklahoma Court of Criminal Appeals ("OCCA") entered an order construing Petitioner's request for clarification as a second post-conviction application brought pursuant to Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080. Id., Ex. 1 (Mark Anthony Brown v. The State of Oklahoma, Case No. PC-2012-321, "Order Affirming Denial of Application Seeking Post-Conviction Relief"). In this order, the OCCA found that Petitioner had previously sought the same relief in his motion for order nunc pro tunc, i.e., the reduction of his sentence in Case No. CF-2004-280 for the period of time he spent in detention from May 18, 2004 until April 3, 2006, and that he had not appealed the district court's order denying relief. The court concluded that Petitioner had procedurally waived his right to seek post-conviction relief concerning the same issue as he had not provided sufficient reason "why his current issues were not adequately raised in his previous proceedings." Id.

Petitioner asserts that he then filed in the OCCA a "Petition for Rehearing." In this pleading which does not bear a file-stamped date, Petitioner asserted for the first time that his conviction should be vacated due to judicial misconduct, prosecutorial misconduct,

ineffective assistance of counsel, and a violation of his due process rights as a result of a speedy trial violation. Petition, Ex. 3. Petitioner admits that the OCCA refused to review the merits of his "Petition for Rehearing" because Oklahoma law does not provide for rehearing in a post-conviction appeal. Petition, at 8.

II. Petitioner's Claims

In ground one of the Petition, Petitioner asserts that his speedy trial rights were violated in Case No. CF-2004-280 because the prosecution was conducted "outside the time limits" and "the offer for the credit for time served dating back to May 18th, 2004, was to mask the error in prosecuting a case outside the time limits." Petition, at 6. Petitioner contends that he raised this claim in his "Motion Nunc Pro Tunc" (sic) in the Garfield County District Court "to obtain the 685 days [of] credits with-held." Id. Petitioner admits that he did not appeal the district court's decision entered June 10, 2009, and asserts that he failed to appeal because he "is a lay person at law, and is currently housed at a facility that does not have a law library or trained law clerks available to him." Id. at 7.

In ground two of the Petition, Petitioner asserts the same claim of a speedy trial violation. He asserts that the Garfield County District Court "failed to prosecute the case in a timely manner" after he filed a demand for trial on October 16, 2004. Id. at 7-8.

Petitioner asserts that he raised this same claim in a "Motion for Rehearing" filed in the OCCA. However, he admits that the "Motion for Rehearing" was not considered by the state appellate court on its merits because under Oklahoma law there is "[n]o rehearing permitted for post-conviction appeal." Id. at 8-9. As relief, Petitioner requests only that his

conviction in Case No. CF-2004-280 be vacated. Id. at 3, 12.

III. Analysis

First, the Court should not construe the Petition as a 28 U.S.C. § 2241 petition. In light of Petitioner's clear request for relief in the form of vacation of his conviction, Petitioner is challenging the validity of his conviction and sentence, and not the execution of his sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(noting "an action is properly brought under § 2254 as a challenge to the validity of [the prisoner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence").

Regardless of how the Petition is characterized, Respondent asserts that the claims asserted in the Petition are time-barred by operation of 28 U.S.C. § 2244(d) or alternatively are procedurally barred from judicial review due to Petitioner's procedural default in the state courts.[2]

IV. Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners

With respect to the timeliness of the Petition, Petitioner states only that "[t]he current ruling and order was issued on June 26, 2012." Petition, at 11. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state

---

[2]Respondent asserts that Petitioner is requesting "credit for time served by [ODOC]" in ground one. Brief in Support of Motion to Dismiss, at 2. However, this interpretation of Petitioner's *pro se* claim is not consistent with Petitioner's request in the Petition, based on his speedy trial violation claims asserted in grounds one and two of the Petition, that his conviction be vacated. Nowhere in the Petition has Petitioner asked that credits be applied to his sentence, and he does not name ODOC as a party respondent.

prisoner. 28 U.S.C. §2244(d)(1).  As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336  (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).  The limitations period may also be equitably tolled in extraordinary circumstances so long as the petitioner has diligently pursued his federal claims. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(one-year limitations period may be subjected to equitable tolling in limited circumstances such as incompetence or actual innocence), cert. denied, 525 U.S. 891 (1998).

In Oklahoma, a conviction based on a guilty plea becomes final 10 days after entry of the judgment or sentence, unless the convicted person moves to withdraw the plea within those 10 days. Because Petitioner did not file a motion to withdraw his guilty plea or timely seek to appeal the plea-based conviction in Case No. CF-2004-280, the conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) on April 13, 2006, ten days after he was convicted and sentenced.  See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App.  The one-year limitations period for filing

a federal habeas petition challenging the conviction began to run on April 14, 2006, and expired one year later, on April 14, 2007, absent statutory or equitable tolling exceptions.

Petitioner's post-conviction applications did not toll the limitations period because they were filed after the limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001). Because Petitioner did not file his Petition until August 24, 2012, the Petition is time-barred unless equitable tolling extends the limitations period. See Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(holding 28 U.S.C. §2244(d)(1)limitations period "is subject to equitable tolling in appropriate cases").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

As grounds for excusing his delay in filing the Petition, Petitioner asserts that he is a "lay person." However, ignorance of the law, even for an incarcerated *pro se* petitioner, does not warrant equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner also states that he is "currently housed at a facility that does not have a law library or trained law clerks available to him." Petition, at 7. Petitioner's generalized assertion of a lack of legal resources at Davis Correctional Facility[3] does not present convincing evidence that extraordinary circumstances beyond his control prevented him from timely filing his federal habeas petition on or before April 14, 2007.[4]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 15) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED with prejudice as it is time-barred.[5] The parties are advised of their respective right to file an objection to this Supplemental Report and

---

[3] Petitioner's "Motion for Order Nunc Pro Tunc" filed in the District Court of Garfield County in February 2009 indicates that Petitioner was confined at that time at the Cimarron Correctional Facility located in Cushing, Oklahoma. Brief in Support of Motion to Dismiss, Ex. 2. Petitioner has not alleged or provided any evidence demonstrating that he was unable to access legal resources at that facility.

[4] The Petitioner also failed to exhaust state court remedies concerning his speedy trial violation claim. Petitioner admits that his purportedly-filed "Petition for Rehearing" in which he alleged for the first time a claim of a speedy trial violation was not considered on its merits by the OCCA. Thus, Petitioner failed to exhaust available state court remedies with respect to his speedy trial claim raised in grounds one and two of the Petition. See 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). See also Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999)("The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'")(quoting Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)).

[5] In light of this recommended disposition, the undersigned has not addressed Respondent's alternative argument that judicial review of the merits of Petitioner's claims is procedurally barred.

Recommendation with the Clerk of this Court by ____March 11th____, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___19th___ day of ___February___, 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE