IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARK ANTHONY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-927-D |
| | ) | |
| | ) | |
| TIM WILKERSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner, a state prisoner appearing *pro se*, brought this action in which he seeks a writ of habeas corpus pursuant to 28 U. S. C. § 2254. In accordance with 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. Respondent filed a motion to dismiss [Doc. No. 15] the action on the grounds that the statute of limitations expired prior to its filing. Although Petitioner was advised of his right to object to that motion, he did not do so.

On February 19, 2013, the Magistrate Judge filed a Supplemental Report and Recommendation[1] [Doc. No. 18] in which he recommended that the motion to dismiss be granted because the record reflects that this action is untimely. Because Petitioner timely objected to the Supplemental Report and Recommendation, the matter is reviewed *de novo*.

As explained in the Supplemental Report and Recommendation, Petitioner challenges a

---

[1]The Magistrate Judge had previously filed a Report and Recommendation [Doc. No. 6] recommending dismissal because Petitioner had failed to pay the filing fee, despite having been notified of the necessity of doing so. However, shortly after that Report and Recommendation was filed, the Court received Petitioner's request for extension of time in which to pay the fee. That request was granted [Doc. No. 8], and Petitioner filed the fee within the extended time period. As a result, the Report and Recommendation [Doc. No. 6] was rendered moot.

sentence imposed by the District Court of Garfield County, Oklahoma. His 25-year sentence was to be served concurrently with sentences imposed for convictions in two other cases, and it provided that he was to be given credit for time served from May 18, 2004.

Petitioner did not appeal the conviction and sentence. However, on February 27, 2009, he filed a motion for "Order Nunc Pro Tunc" in which he requested that the judgment and sentence be amended to clarify the terms of his sentence, arguing that he should have received credit for time served in all three cases. The motion was denied on June 10, 2009, and Petitioner did not appeal that decision. In a letter to the Garfield County Court Clerk, file-stamped on March 15, 2012, he requested "clarification" of the record and again argued he was not being given proper credit for time served in all three cases. On March 21, 2012, that request was denied, noting it was a restatement of the motion for an order nunc pro tunc, and that motion had been denied.

Petitioner appealed the March 21, 2012 order, and the Oklahoma Court of Criminal Appeals ("OCCA") entered a June 26, 2012 order construing his request as a second post-conviction application for relief. The request was denied. According to Petitioner, he filed a motion for rehearing, and it was denied by the OCCA.[2]

On August 24, 2012, Petitioner filed this action, arguing his speedy trial rights were violated because the prosecution was conducted "outside the time limits," and the plea agreement he entered was allegedly designed to "mask the error." He admits that he did not appeal the June 10, 2009 decision denying his motion for "Order Nunc Pro Tunc."

As the Magistrate Judge correctly noted, the time period for filing a habeas action is prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

---

[2]The record does not contain a file-stamped copy of the motion, but Petitioner affirmatively states it was denied.

imposes a one-year statute of limitation for a § 2254 habeas claim. 28 U. S. C. § 2244(d)(1); *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The statute of limitations generally commences on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U. S. C. § 2244(d)(1)(A). In Oklahoma, a conviction based on a guilty plea becomes final 10 days after entry of the judgment or sentence, unless the convicted person moves to withdraw the plea within those 10 days. As explained in detail in the Supplemental Report and Recommendation at page 7, Petitioner in this case did not so move, and his conviction thus became final on April 13, 2006, ten days after he was convicted and sentenced. Thus, the one-year limitations period for seeking habeas relief expired on April 14, 2007.

As the Magistrate Judge also explained in detail, the limitations period may be tolled during the pendency of an application for post-conviction relief if such application is filed prior to the date on which the limitations period expires. In this case, Petitioner did not seek such relief until after the limitations period expired and, as a result, the one-year period is not tolled on that basis. *See Fisher v. Gibson,* 262 f.3d 1135, 1142-43 (10th Cir. 2001).

Although the limitations period may also be tolled on certain equitable grounds, those grounds do not exist in this case. As the Magistrate Judge explained at pages 8 and 9 of the Supplemental Report and Recommendation, Petitioner has asserted no argument on which equitable tolling could be based. His contention that he delayed in seeking habeas relief because he is a "lay person" lacking legal knowledge is not sufficient. Ignorance of the law does not support equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). As explained by the Magistrate Judge, equitable tolling is also not justified by Petitioner's contention that the facility where he is incarcerated lacks an adequate law library.

Petitioner's objection to the Supplemental Report and Recommendation provides no persuasive argument or authority to support a finding that this action was timely filed. Accordingly, for the reasons set forth in the Supplemental Report and Recommendation, this action is dismissed as untimely. The Supplemental Report and Recommendation [Doc. 18] is adopted as though fully set forth herein. The motion to dismiss [Doc. No. 15] is granted, and this action is dismissed as time-barred.

IT IS SO ORDERED this 16th day of April, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE